NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

MICHAEL JAY RUSSELL, *Appellant.*

No. 1 CA-CR 17-0189
FILED 2-6-2018

Appeal from the Superior Court in Maricopa County
No. CR 2015-101236-001
The Honorable Mark H. Brain, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

The Stavris Law Firm, PLLC, Scottsdale
By Christopher Stavris
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Chief Judge Samuel A. Thumma joined.

---

**C A M P B E L L**, Judge:

**¶1**         Michael Jay Russell timely appeals from his conviction and sentence for misconduct involving weapons, a class 4 felony under Arizona Revised Statutes ("A.R.S.") section 13-3102(A)(4). After searching the record on appeal and finding no arguable question of law that was not frivolous, Russell's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), asking this court to search the record for reversible error. This court granted counsel's motion to allow Russell to file a supplemental brief *in propria persona*, but Russell did not do so. After reviewing the entire record, we find no reversible error and, therefore, affirm Russell's conviction and sentence.

### FACTS AND PROCEDURAL BACKGROUND[1]

**¶2**         In January 2015, police officers conducted a traffic stop of a vehicle in which Russell was a passenger. Russell exited and attempted to run away from the vehicle, but was apprehended by several officers. One officer then removed a loaded gun from a holster on Russell's hip, and he was taken into custody. In a subsequent interview with police, Russell admitted he was a convicted felon who had not had his rights to carry a firearm restored.

**¶3**         The State indicted Russell on a total of five counts for various charges. After multiple continuances, he was tried in January 2017 on a severed single count of misconduct involving weapons for knowingly possessing a deadly weapon while being a prohibited possessor. At trial, the jury heard evidence about the incident from two officers and the parties

---

[1] We view the facts in the light most favorable to sustaining the jury's verdict and resolve all reasonable inferences against Russell. *State v. Guerra*, 161 Ariz. 289, 293 (1989).

stipulated that Russell had previously been convicted of a felony. The jury unanimously found Russell guilty.[2]

¶4        At sentencing, Russell waived his right to a trial and admitted to two historical prior convictions. The superior court sentenced Russell to the presumptive term of 10 years, A.R.S. § 13-703(J), for the charge of misconduct involving weapons, with 301 days of presentence incarceration credit, to run concurrently with the 10-year sentence resulting from the plea agreement, *supra* ¶ 3 n.2.

## DISCUSSION

¶5        We have reviewed the entire record for reversible error and find none. *See Leon*, 104 Ariz. at 300. Russell received a fair trial. He was represented by counsel at all stages of the proceedings and was present at all critical stages.

¶6        The evidence presented at trial was substantial and supports the verdict. The jury was properly comprised of eight members and the court properly instructed the jury on the elements of the charge, Russell's presumption of innocence, the State's burden of proof, and the necessity of a unanimous verdict. The superior court received and considered a presentence report, Russell was given an opportunity to speak at sentencing, and his sentence was within the range of acceptable sentences for his offense.

## CONCLUSION

¶7        We affirm Russell's conviction and sentence. After the filing of this decision, defense counsel's obligations pertaining to Russell's representation in this appeal have ended. Defense counsel need do no more than inform Russell of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).

¶8        Russell has 30 days from the date of this decision to proceed, if he wishes, with an *in propria persona* petition for review. On the court's

---

        [2] Russell later pled guilty to an amended count of theft of means of transportation, a class 3 felony with one historical prior conviction, and the remaining three charges were dismissed.

own motion, we also grant Russell 30 days from the date of this decision to file an *in propria persona* motion for reconsideration.



AMY M. WOOD • Clerk of the Court
FILED:  AA